# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-06-0223-F |
| OKLAHOMA CITY POLICE DEPT., PAUL GALYON and TERRY TURNER, | ) |
| Defendants. | ) |

## ORDER

### I. OCPD's Motion to Dismiss

The Oklahoma City Police Department's motion to dismiss, filed March 17, 2006, is before the court. (Doc. no. 13.) Plaintiff David Wilson has objected to the motion and it is ready for determination.

Although the Complaint contains allegations regarding the conduct of Oklahoma City police officer Paul Galyon and his supervisor, it contains no allegations concerning the Oklahoma City Police Department *per se*. Even if it did contain allegations regarding the department, the department is an entity which does not have the capacity to be sued under 42 U.S.C. § 1983, the apparently applicable federal statute. Ketchum v. Albuquerque Police Department, 958 F.2d 381 (10th Cir. 1992) (unpublished opinion cited here pursuant to the requirements of 10th Cir. Rule 36.3); Shangreaux v. Midwest City Police Department, 936 F.2d 583 (10th Cir. 1991) (unpublished opinion cited here pursuant to the requirements of 10th Cir. Rule 36.3); Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds,* Tyus v. Martinez, 475 U.S. 1138 (1986).

Moreover, if the Complaint is intended to allege state law claims against the department, a matter which cannot be determined from the face of the Complaint, the department is a subdivision of the City of Oklahoma City and the only method for suing a municipality for state law claims is by compliance with the Governmental Tort Claims Act, 51 O.S. § 151 *et seq.* That Act contains no provisions which make a police department subject to suit.

The court finds that the Oklahoma City Police Department lacks the capacity to be sued in this action and that the OCPD is entitled to dismissal with prejudice under Rule 12(b)(6), Fed. R. Civ. P.

## II.  Plaintiff's Motions

Three motions by the plaintiff are also before the court and ready for determination. (The date for responding to these three motions has passed and no response has been received from any defendant. This is understandable because the motions do not necessarily implicate any interest of any defendant.) The three motions which are at issue are: plaintiff's motion asking the court to seal this action (doc. no. 3), plaintiff's motion repeating his request that the court seal this action (doc. no. 9), and plaintiff's untitled letter to the magistrate judge asking the court to require the U.S. Marshal's Service to serve the Oklahoma City Police Department with a summons and the complaint in this action. This last request has been docketed by the clerk as a motion. (Doc. no. 10.)[1]

Given the public's strong interest in matters of public record such as this federal lawsuit, and because there has been no showing that it is necessary to seal this action,

---

[1] Plaintiff has also filed a fourth motion which is pending. That motion is entitled "Motion to Amend Party." (Doc. no. 17.) The court construes that motion as a request to allow plaintiff to add the City of Oklahoma City as a defendant in this action. Any responses to that motion are due April 21, 2006.

-3-

both of the motions to seal (doc. nos. 3, 9) should be denied at this time but without prejudice should future circumstances merit revisiting this issue.

With respect to plaintiff's request that the court require the marshal's office to serve the Oklahoma City Police Department (doc. no. 10), the court finds that the request is moot because the OCPD is dismissed from this action as a result of the instant Order.

### III.  Rulings

For these reasons, and after careful consideration of the parties' submissions, the record, and the relevant authorities, the court rules as follows.

The "Motion to Dismiss...of 'Defendant' Oklahoma City Police Department (OCPD)," filed March 17, 2006, (doc. no. 13) is **GRANTED**.  The Oklahoma City Police Department is **DISMISSED** from this action with prejudice.

Plaintiff's "Motion to Seal," filed March 6, 2006 (doc. no. 3) is **DENIED**. Plaintiff's "Motion to Seal," filed March 13, 2006 (doc. no. 9) is also **DENIED**. Finally, plaintiff's motion asking the court to require the U.S. Marshal's Service to deliver the summons and complaint to the Oklahoma City Police Department (doc. no. 10) is **STRICKEN** as moot.

Dated this 11th day of April, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0223p005(pub).wpd