**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID L. WILSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-06-0223-F |
| | ) |
| PAUL GALYON and TERRY TURNER, | ) |
| | ) |
|    Defendants. | ) |

## ORDER

### 1. Motion to Dismiss Terry Turner

The "Motion to Dismiss Defendant, Terry Turner," filed May 3, 2006, is before the court. (Doc. no. 29.) Any response to the motion was due by May 22, 2006, but no response has been received and no request for an extension of time within which to file a response has been received.

Plaintiff appears *pro se* in this matter, and his pleadings are liberally construed. The local rules provide that any motion which is not responded to within 18 days from the date the motion was filed may, in the discretion of the court, be deemed confessed. LCvR7.2(f).

Having reviewed the motion and the grounds for the motion, the court finds that the Complaint, which mentions Mr. Turner in the caption but not in the body of the allegations, fails to state a claim against Mr. Turner and should be dismissed under Rule 12(b)(6), Fed. R. Civ. P. In the circumstances of this case, the court finds that

it is appropriate to deem Mr. Turner's motion to dismiss confessed, and it hereby does so.[1]

## 2. Motion to Amend to Include OKC as a Defendant

Also before the court is plaintiff's document entitled "Asked to Amend OKC Motion to Amend City of OKC," filed May 23, 2006. (Doc. no. 36.) The document is construed as another motion to amend this action to include Oklahoma City as a defendant. The City has responded by objecting to the motion.

This is plaintiff's third attempt to amend this lawsuit to include the City of Oklahoma City as a defendant. Plaintiff's motion includes the statement that "The one complaint/cause of action is intentional infliction of emotional/mental distress." However, the motion includes no indication that the requirements of 51 O.S. § 156 (regarding notice of a tort claim against a municipality) have been met. Furthermore, the motion describes, in disjointed fashion, alleged encounters with unknown individuals at the Oklahoma County Law Library, the public library, the Dollar General Store, and a person who plaintiff states "was in or with a OKC water dept. pick/up." According to the motion, this last person told plaintiff to "get back, stay back." Plaintiff's motion then states, "[s]o basically all she was at trailer park for was to show me she got a job at Water Dept. for letting them in to take truck." Nothing in the motion ties any of the alleged encounters to the events of April 16, 2005, which

---

[1] If plaintiff can state a claim against Mr. Turner in this action (which involves an alleged incident on April 16, 2005), then, within ten days of the date of this order, plaintiff may move to amend his Complaint for that purpose. The purpose of any proposed amendment would be to elaborate upon Mr. Turner's involvement, if any, in the events giving rise to the claim. As other parties have already answered or been dismissed, the proposed amendment may not add parties. Any motion to amend must attach a copy of the proposed amended complaint so that the court can determine whether to allow the amendment. Failure to comply with any one of these requirements will be grounds to deny the motion to amend. Absent amendment, Mr. Turner's dismissal under Rule 12(b)(6) will be deemed to be with prejudice.

are the subject of the complaint, and nothing in the motion indicates that plaintiff has a viable claim against the City.

The court once again finds that no grounds have been stated for allowing plaintiff to amend this action to include the City of Oklahoma City as a defendant. Plaintiff's third motion to amend to add the City as a defendant should therefore be denied.

## Conclusion

After careful study of the parties' submissions, the record, and the relevant authorities, for the reasons stated in the body of this Order, the "Motion to Dismiss Defendant, Terry Turner" (doc. no. 29) is **GRANTED**, and plaintiff's (construed) motion to amend to include the City of Oklahoma City as a defendant (doc. no. 36) is **DENIED**.

Dated this 2nd day of June, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0223p012(pub).wpd