**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID LEE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-06-0223-F |
| ) | |
| OKLAHOMA CITY POLICE DEPT., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's "Motion for Partial Summary Judgment," filed October 11, 2006, is before the court.  (Doc. no. 121.)  No response has been filed, and no response is yet due.  The court has reviewed the motion, however, and has determined that no response is necessary in order for it to rule.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the

-2-

moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Plaintiff appears pro se, and his pleadings are liberally construed. Having reviewed the motion for summary judgment, the court determines that plaintiff has not met his burden to show that he is entitled to summary judgment in this action. The motion for summary judgment is incoherent. The motion does not indicate how the matters covered in the motion relate to the incident from which this action arises. The motion also fails to comply with Rule 56 of the Federal Rules of Civil Procedure because it references evidence but does not provide any citations to record evidence. The motion also fails to comply with the local rules of this court regarding motions for summary judgment because it does not begin with a concise statement of material facts to which the movant contends no genuine issue of fact exists and because it does not refer to the record in support of any facts. LCvR56.1(c).

Plaintiff's motion for summary judgment is **DENIED**.

Dated this 13th day of October, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0223p018(pub).wpd