IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-0223-F |
| ) | |
| PAUL GALYON, ) | |
| ) | |
| Defendant. ) | |

## AMENDED ORDER[1]

Plaintiff's "Motion to Amend the City of O.K.C.'s Lt. Marshall," filed September 29, 2006, is before the court. (Doc. no. 104.) Oklahoma City Police Lieutenant Dale Marshall has filed a response stating his objections to the motion. After consideration of the motion and the parties' briefing, the court finds and concludes that it agrees with Mr. Marshall that the motion to amend should be denied for substantially the same reasons as stated in Mr. Marshall's response.

Specifically, the motion to amend states that Lt. Marshall "was an accessory, in cahoots with defendant Paul Galyon on 4/16/05 and 5/27/05." However, this lawsuit does not concern the events of May 27, 2005, events which have, in any event, been alleged in a prior lawsuit from which Mr. Galyon has been dismissed. Moreover, the motion to amend includes no allegation of any personal participation by Lt.

---

[1]This Amended Order corrects and strikes the court's order of October 18, 2006 (doc. no.129), which incorrectly stated that defendant Galyon had been dismissed from this action. (Mr. Galyon has been dismissed from other actions but not from this action.) To avoid any prejudice to the parties, the schedule for this action is stricken. A new schedule will be set at a later date by separate order.

Marshall in the events of April 16, 2005 or May 27, 2005.[2]  It is well settled law that to prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must show that the defendant personally participated in an alleged constitutional violation.  Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996).  Conclusory allegations of participation are not sufficient to state a constitutional violation.  See, id. at 994.

Plaintiff's motion to amend is **DENIED**.

Dated this 10th day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0223p020(pub).wpd

---

[2]Contrary to defendant Marshall's brief, this court's September 26, 2006 order in CIV-06-0752-F did not dismiss claims against defendant Galyon to the extent those claims involved the events of April 16, 2005. As stated in the court's order in CIV-06-0752-F, p. 10, "to the extent that the instant complaint [in CIV-06-0752-F] includes federal claims which are currently the subject of another action brought by Mr. Wilson against Mr. Galyon, CIV-06-0223 (arising out of an alleged incident involving Mr. Wilson and Mr. Galyon on April 16, 2005), the claims are duplicative and should be dismissed [from CIV-06-0752] on that ground."